**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA**

**A.A. a minor, by and through his next friend,**
**B.B.**

**Plaintiff,**

**Civil Action No.:** 1:26-cv-323

**v.**
**MOBILE COUNTY PUBLIC SCHOOL SYSTEM,**
**and CHRESAL THREADGILL,**
**in**
**his official capacity as Superintendent of**
**Mobile County Public School System**

**Defendants.**

## COMPLAINT

1. This action is brought by and through undersigned counsel by Plaintiff B.B., on behalf of her child, A.A., to demand injunctive relief for the requested reasonable accommodations pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134 and the Title II implementing regulations, 28 C.F.R. Part 35 as well as Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794. Plaintiff brings this action against Mobile County Public School System and Chresal Threadgill in his official capacity as superintendent (collectively, "Defendants"), for the failure to reasonably modify its policies, practices, or procedures to allow A.A. to have an epinephrine autoinjector in all educational settings that can be administered by trained staff in the event of a severe allergic reaction.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves claims arising under federal law.

3. The Court may grant the relief sought in this action pursuant to 28 U.S.C. § 2201-2202, 29 U.S.C. § 794a, and 42 U.S.C. § 12133.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because: (1) the Defendant District is located and operates in the Southern District of Alabama, and (2) a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Alabama.

**PARTIES**

5. Plaintiff, A.A., is a minor who resides in Mobile County, within the Southern District of Alabama. A.A. brings this action through his mother and next friend, B.B., who also resides in Mobile County.

6. Defendant, Chresal Threadgill, is the superintendent of the Mobile County Public School System with the duty of overseeing the employees and students within this school system. Defendant is sued in his official capacity as the superintendent of the Mobile County Public School System.

7. Defendant, Mobile County Public School System, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulations, 28 C.F.R. Part 35.

8. Defendant, Mobile County Public School System, is a recipient of Federal financial assistance and its operations are a "program or activity" receiving such assistance within the meaning of 29 U.S.C. § 794 and 34 C.F.R. § 104.3, and is therefore subject to Section 504, 29 U.S.C. § 794, and its implementing regulations, 34 C.F.R. Part 104.

**FACTS**

1. A.A.. is a six-year-old boy diagnosed with autism spectrum disorder ("ASD"), and severe allergies to eggs, peanuts, and dairy triggered by both ingestion and dermal contact, among other disabilities. A.A.'s autism and other disabilities cause A.A. to be unable to identify and avoid allergens. In the event of an allergic reaction, A.A. cannot communicate information

regarding the exposure or his symptoms. A.A.'s autism also causes him to put items in his mouth impulsively, including other students' food and non-food objects that may be contaminated with allergens. This behavior, paired with A.A.'s lack of awareness of his allergens, puts him at heightened risk of exposure to allergens resulting in a life-threatening allergic reaction.

2. A.A.'s disabilities substantially limit one or more major life activities, including but not limited to speaking, learning, thinking, and communicating, as well as the function of major body systems during an allergic reaction including respiratory and gastrointestinal systems. A.A. has a disability within the meaning of the ADA and Section 504. 42 U.S.C. § 12102; 28 C.F.R. §§ 35.104, 35.108; 34 C.F.R. § 104.3.

3. A.A., a student enrolled in the Mobile County Public School System, is a qualified individual with a disability under the ADA. 42 U.S.C. § 12131(2); 28 C.F.R. § 35.104. A.A. is a qualified person with a disability under Section 504. 34 C.F.R. § 104.3.

4. A.A.'s treating physician prescribed Auvi-Q injectors ("epinephrine pens") to be administered as soon as two or more organ systems are impacted by an allergic reaction, also known as anaphylaxis, to prevent further escalation of the reaction.

5. Due to the unpredictability of the time of onset, ranging from seconds to hours after exposure, and the severity of anaphylaxis, A.A.'s treating physician ordered his caregiver to keep two epinephrine pens on their person at all times to ensure a rapid response if a reaction is observed.

6. A.A. began attending E.R. Dickson Elementary School in the 2022-2023 school year as part of the Pre-K program.

7. Defendants agreed to place an epinephrine pen in A.A.'s classroom as well as in the school nurse's office. A.A.'s Pre-K teachers were trained to recognize allergic reactions and administer A.A.'s epinephrine pen when needed.

8. At the beginning of the 2024-25 school year, Defendants unilaterally removed A.A.'s epinephrine pen from his classroom without explanation.

9. Defendants informed A.A.'s parents of the removal of accommodations at an Individualized Education Program ("IEP") meeting on August 19, 2024.

10. Defendants stated their medication policy requires medications to be kept in double-locked containers, yet they refused to explain how a double-locked container that stays with A.A. throughout the day is in violation of this policy or otherwise unreasonable.

11. A.A.'s parent requested a reasonable accommodation supported by a letter from his treating physician that was given to the Defendants. It stated the importance for A.A. to have an epinephrine pen in a double-locked container that stays with A.A. throughout the day due to the critical need for a rapid response time when a reaction occurs.

12. After continued refusal by the District to provide a reasonable accommodation, A.A.'s parent submitted another letter from another of A.A.'s treating physicians recommending the epinephrine pen remain with A.A. throughout the school day.

13. Defendants refused to further discuss possible modifications to the policy and dismissed the treating physicians' letters. Defendants stated that, as a matter of regular policy and practice, they do not trust the opinions of students' treating physicians that are provided in written letters. Defendants failed to support their position with any countervailing medical recommendations or assessments.

14. Despite repeated requests from A.A.'s parents and counsel, Defendants have refused to explain why modifications to their policy are not feasible, if the requested reasonable accommodation is truly in violation of Defendants' policy.

15. A.A. has been removed to the school nurse's office during the 2025-2026 school year due to suspected exposure to an allergen, denying him the benefit of instructional time with his nondisabled peers. School staffing was insufficient in number and training to identify what the suspected allergen was, when exposure occurred, or monitor A.A.'s condition in the classroom setting.

16. Defendants continue to refuse to provide a written explanation as to why they refuse to follow the written guidance of A.A.'s treating physician or provide A.A. with a reasonable accommodation based on his treating physician's written letter.

17. Defendants continue to refuse to provide information regarding the feasibility of A.A.'s requested accommodation, reasoning for the removal of the epinephrine pen from the classroom beyond bare recitations of District policy that they have refused to provide in writing, or information regarding feasibility of alternative accommodations to address A.A.'s medical needs.

18. On September 22, 2025, counsel for A.A. sent a demand letter to Defendants requesting a response to A.A.'s repeated requests for reasonable accommodation under the ADA and Section 504.

19. On October 21, 2025, counsel for A.A. met with Defendants to discuss the demand letter and again requested Defendants provide written information regarding their medication policy, A.A.'s current accommodations, the reason for removal of the accommodations, the reason for Defendants' refusal to follow the written guidance of A.A.'s treating physician,

evidence of infeasibility or undue burden providing the requested accommodation would cause, and information regarding alternative accommodations. As of this filing, Defendants have failed to provide any of this information.

20. After continued attempts to contact the school staff with lack of meaningful response and an ultimate refusal to engage in a discussion about accommodations, this action is now being brought for the denial of A.A.'s rights to reasonable accommodation as an individual with a disability under Title II of the ADA, 42 U.S.C. §§ 12131-12134 and the Title II implementing regulations, 28 C.F.R. Part 35 and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and its implementing regulations, 34 C.F.R. Part 104.

## CAUSE OF ACTION

## VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

21. The allegations set forth in Paragraphs 1 through 21 of this Complaint are hereby realleged and incorporated by reference.

22. MCPSS's actions constitute discrimination in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulations, 28 C.F.R. Part 35, by:

a. Providing A.A. with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to other students. 28 C.F.R. § 35.130(a), (b)(1);

b. Failing to reasonably modify its policies, practices, or procedures to permit A.A. to have life-saving medication, his epinephrine pen, travel with him throughout the school day in academic and nonacademic settings, with staff trained in its administration. 28 C.F.R. §§ 35.130(b)(7)(i) and 28 C.F.R. § 36.302; and

c. Failing to administer services, programs, and activities in the most integrated setting appropriate to the needs of A.A. by providing reasonable accommodations in school. 28 C.F.R. § 35.130(d).

23. A.A. is an aggrieved person entitled to the remedies, procedures, and rights of Title II of the ADA. See 42 U.S.C. § 12133.

24. As a result of MCPSS's unlawful actions, A.A. has suffered discrimination and made to attend school in an environment that puts his health and safety at risk.

**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973**

25. The allegations set forth in Paragraphs 1-21 of this Complaint are hereby realleged and incorporated by reference.

26. MCPSS's actions constitute discrimination in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its implementing regulations, 34 C.F.R. Part 104, by:

a. Denying A.A. the opportunity to participate in or benefit from an aid, benefit, or service provided to other students. 34 C.F.R. § 104.4(b)(1)(i);

b. Providing A.A. with an aid, benefit, or service that is not as effective as that provided to other students. 34 C.F.R. § 104.4(b)(1)(i); and

c. Failing to provide appropriate aids and services in the form of staff trained to recognize allergy symptoms and administer epinephrine to allow A.A. to remain in less restrictive educational settings to the maximum extent appropriate to his needs. 34 C.F.R. § 104.34.

27. A.A. is an aggrieved person entitled to the remedies, procedures, and rights of Section 504 of the Rehabilitation Act of 1973. See 29 U.S.C. § 794a.

28. As a result of Defendants' unlawful actions, A.A. has suffered discrimination and made to attend school in an environment that puts his health and safety at risk.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

A. Grant judgement in A.A.'s favor against the Defendants and declare that the Defendants' actions as set forth in this Complaint violate Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulations, 28 C.F.R. Part 35, as well as Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its implementing regulations, 34 C.F.R. Part 104.

B. Enjoin the Defendants, along with its respective departments, agencies, and other instrumentalities, and all others in concert or participation with them, from engaging in discriminatory policies and practices against individuals with disabilities.

C. Order the Defendants to allow A.A.'s epinephrine pens to be stored in a double-locked container that travels with A.A. throughout the school day in all academic and non-academic educational settings.

D. Order the Defendants to train staff responsible for the transport and administration of A.A.'s epinephrine pens to recognize and respond to A.A.'s allergic reactions appropriately.

E. Order the Defendants to comply with the requirements of Title II of the ADA, 42 U.S.C. § 12131, and its implementing regulations, 28 C.F.R. Part 35, as well as Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its implementing regulations, 34 C.F.R. Part 104, to avoid discrimination against students with disabilities by making reasonable modifications to its policies, practices, or procedures.

F. Order the Defendants to modify its policies, practices, and procedures regarding the handling of requests for reasonable accommodations under the ADA and Section 504 to ensure

requests are routed to correct staff for consideration and determination of the reasonableness of the request in a manner that complies with Title II of the ADA, 42 U.S.C. § 12131, and its implementing regulations, 28 C.F.R. Part 35, as well as Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its implementing regulations, 34 C.F.R. Part 104.

G. Award reasonable attorney's fees, litigation expenses, and costs for A.A. as a result of Defendants' failure to comply with Title II of the ADA, 42 U.S.C. § 12131, and its implementing regulations, 28 C.F.R. Part 35, as well as Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its implementing regulations, 34 C.F.R. Part 104. 42 U.S.C. § 12205; 29 U.S.C. § 794a.

H. Order any other appropriate relief as the interests of justice may require and to make A.A. whole and place him in the same position he would have been absent the Defendants' discrimination.

Dated: August 14, 2026

SIGNATURE ON FOLLOWING PAGE

Respectfully Submitted,

s/Larry Canada

Larry Canada, Ala Bar No. 3153-N73L
Andrea Mixson, Ala Bar No. 2155-R79M
Alabama Disabilities Advocacy Program
2008 12th Street
Tuscaloosa, AL 35401
(205)348-4928
lcanada@adap.ua.edu
amixson@adap.ua.edu